PETER L. CARR, IV (SBN 256104)
NA'SHAUN L. NEAL (SBN 284280)
LAUREN K. MCRAE (SBN 331296)
**PLC LAW GROUP, APC**
3756 SANTA ROSALIA DR., SUITE 326
LOS ANGELES, CA 90008
TELEPHONE: (310) 400-5890
FACSIMILE:  (310) 400-5895
pcarr@thePLClawgroup.com
nneal@thePLClawgroup.com
lmcrae@thePLClawgroup.com
Attorneys for Plaintiffs,
AIRIONNA BLINK and M.H, a minor,
by and through his Guardian ad Litem,
TIFFANY ARTERBERRY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRIONNA BLINK and M.H, a minor, by and through his Guardian ad Litem, TIFFANY ARTERBERRY, <br><br> Plaintiffs, <br> vs. <br><br> KERN HIGH SCHOOL DISTRICT; EAST BAKERSFIELD HIGH SCHOOL; MARK CALVILLO and DOES 1 through 10 inclusive, <br> Defendants. | Case No: <br><br> **PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff AIRIONNA BLINK and M.H, a minor, by and through his Guardian ad Litem, TIFFANY ARTERBERRY, complain of Defendants KERN HIGH SCHOOL DISTRICT, EAST BAKERSFIELD HIGH SCHOOL, MARK CALVILLO and DOES 1 through 10, inclusive, as follows:

## JURISIDICTION AND VENUE

1.      This is an action brought pursuant to the laws of the United States of America, to wit: 20 U.S.C. §1400 *et seq*; 42 U.S.C. §1983, 42 U.S.C.§1988, and California Civil Code §§ 51 and 52 *et seq*. The jurisdiction of this Court is predicated upon the above and 28 U.S.C. §1331. The amount in controversy exceeds the sum of seventy-five thousand dollars exclusive of interest and costs. Plaintiffs also assert that inherent in the enforcement powers of the Fourteenth Amendment, specifically §5 thereof, Congress has granted this Honorable Court, the power and ability to abrogate any and all immunity claims or defenses advanced by Defendants in order to perfect and maintain Plaintiffs' guaranteed Constitutional and civil rights.

2.      This court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367 (a), because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3.      The venue is proper in the Eastern District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

4.      On August 8, 2022, Plaintiffs filed a timely Governmental Claim for Damages with the Kern High School District Board of Trustees.  Said Claim for Damages was rejected by operation of law.

## PARTIES

5.      At all relevant times herein, Plaintiff M.H, a minor, by and through his Guardian ad Litem, TIFFANY ARTERBERRY (hereinafter "M.H."). At all relevant times herein, M.H. resided within the jurisdictional boundaries of Defendant Kern High School District.  M.H. is currently 17 years old.

6.      At all relevant times herein, Plaintiff AIRIONNA BLINK ("hereinafter "Airionna") resided within the jurisdictional boundaries of Defendant Kern High

School District.

7.     At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT (hereinafter "KHSD") was and is a legal entity for purposes of suit within the State of California. KHSD is duly authorized and empowered to make and enforce policies and procedures to effectuate the legal mandates of the law, specifically the relevant provisions of the IDEA, California Education Code, California Government Code, California Health and Safety Code, California Business and Professions Code and the California Penal Code. KHSD receives federal and state-issued funds intended to benefit its students. In order to receive said funds, KHSD must promise not to discriminate against any student and to uphold all laws to the fullest extent as intended by Congress and State Legislative bodies. Plaintiffs are informed and believe and thereon allege that KHSD had direct knowledge of the incidents alleged herein. KHSD was and is a governmental subdivision of California, duly authorized and empowered to establish, maintain, operate, and administer a system of public schools within the City of Bakersfield and County of Kern, California.

8.     At all times material herein, Defendant EAST BAKERSFIELD HIGH SCHOOL was a school within the district of Defendant KHSD, a public school where M.H. and Airionna Blink attended.  EAST BAKERSFIELD HIGH SCHOOL is located at 2200 Quincy Street, Bakersfield, California 93306.

9.     At all times material herein, Defendant MARK CALVILLO was an individual and is a resident of the State of California and resident of the Central District of California.  At all times relevant to the complaint, CALVILLO was employed by KHSD & EAST BAKERSFIELD HIGH SCHOOL as a Police Officer at EAST BAKERSFIELD HIGH SCHOOL and was acting under color of state law.

10.    Plaintiffs are informed, believe, and based thereon allege that at all times material herein, Defendant DOES 1–10, inclusive, were each employees, agents, or principles of KHSD and/or EAST BAKERSFIELD HIGH SCHOOL and at the time of the acts hereinafter complained of, each said Defendant acted in the course and

scope of such employment/agency and under color of law.

11.    The true names of Defendant DOES 1–10, inclusive, are not now known to Plaintiffs, who therefore sue said Defendants by such fictitious names. Upon ascertaining the true name of a DOE Defendants, Plaintiffs will amend this complaint, or seek leave to do so, by substitution same for a said fictitious name. Plaintiffs are informed and believe, and based thereon allege, that each DOE Defendant herein is in some manner responsible for the injuries and damages complained of herein.

## FACTS COMMON TO ALL COUNTS

12.    Plaintiffs repeat and re-allege each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

13.    M.H. and Airionna are African-American.

14.    On February 9, 2022, M.H. and Airionna were sitting on a bench at East Bakersfield High School when an adult male school security guard approached and questioned them about their whereabouts. When M.H. and Airionna explained that they were waiting on their uncle to pick them up, the security guard walked away.

15.    Shortly after, another adult male security guard, DOE 1, approached M.H. and Airionna as they sat on a bench waiting to get picked up. DOE 1 told them to "get the fuck up" and go to class. M.H. and Airionna explained to DOE 1 that they were waiting to get picked up. DOE 1 called M.H. a "nigger" and told him that he "wasn't shit". DOE 1 then said, "Y'all ain't never gonna be shit with y'all bum ass shoes." M.H., who had on his P.E. shoes, took his school shoes out of his backpack and said they looked better than DOE 1's shoes.

16.    After, DOE 1 requested additional security and/or school police come to their location.

17.    When additional security and School Police Officer Calvillo arrived, they told M.H. and Airionna that they needed to go to the office. M.H. and Airionna complied and began walking to the office.

18.     As M.H. and Airionna walked to the office, Officer Calvillo forcefully yanked M.H. by his arm twice. Officer Calvillo yanked M.H. a third time, spun M.H. around so that they were facing each other and deployed his pepper spray.

19.     Immediately after, an adult male security guard, DOE 2, tackled M.H., who was approximately 5'4" and 110-120 pounds, to the concrete ground and pressed his knee into M.H.'s neck and back.

20.     Officer Calvillo and DOES 3 and 4, two additional adult male security guards, joined DOE 2. Together, they continuously pinned M.H. down to the ground by applying the pressure of their bodyweight onto M.H.'s neck, back and legs.

21.     Officer Calvillo handcuffed M.H., forcefully pulled him up off of the ground and escorted him to the office.

22.     Airionna arrived to the office, explaining that M.H. needed his inhaler which she had.

23.     When M.H. stood up to get his inhaler, Officer Cavillo violently tackled and slammed M.H. onto the ground.

24.     Suddenly, an adult male security guard, DOE 5, pepper sprayed Airionna.

25.     DOE 5 slammed Airionna against the wall and handcuffed her.

26.     Officer Cavillo pulled M.H. off the floor and ordered M.H. to sit down. Officer Cavillo threatened to tase M.H.

27.     After additional police officers arrived, M.H. and Airionna were transported in handcuffs to a detention facility. Approximately six hours later, M.H. and Airionna were released from police custody.

28.     M.H. and Airionna were expelled as a result of the foregoing.

29.     M.H. was later criminally charged with resisting arrest. After spending nearly two months in a juvenile detention facility, the resisting arrest charge was dismissed.

30.     As a result of the aforementioned conduct, M.H. suffered a concussion, continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of

liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities.

31.     As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities.

32.     On information and belief, Officer Calvillo was equipped with a body-worn camera during this incident but failed to activate it.

## FIRST CAUSE OF ACTION

### Unreasonable Search and Seizure (42 U.S.C. § 1983)

### (PLAINTIFFS against DEFENDANT MARK CALVILLO and DOES 1–10)

33.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

34.     Defendants, while acting under color of state laws, caused Plaintiffs to be detained, arrested and searched in violation of their rights to be secure in their persons against unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     Plaintiffs were detained, arrested and searched without a warrant, reasonable suspicion or probable cause.

36.     As a result of the aforementioned conduct, M.H. suffered a concussion, continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities.

37.     As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation,

inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities.

38.     As a result of the conduct of Defendants, they are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful detentions and arrests, or because they failed to intervene to prevent violations.

39.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

40.     Plaintiffs seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Excessive Force (42 U.S.C. § 1983)

### (PLAINTIFFS against DEFENDANT MARK CALVILLO and DOES 1–10)

41.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

42.     Plaintiffs' right to be secure in their persons against unreasonable seizures as guaranteed to Plaintiffs under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment, was violated when:

a. Officer Calvillo forcefully yanked M.H. by his arm twice;

b. Officer Calvillo yanked M.H. a third time, spun M.H. around so that they were facing each other and deployed his pepper spray.

c. DOE 2, tackled M.H to the concrete ground and pressed his knee into M.H.'s neck and back;

d. Officer Calvillo and DOES 2, 3 and 4 continuously pinned M.H. down to the ground by applying the pressure of their bodyweight onto M.H.'s neck, back and legs;

e. Officer Calvillo handcuffed M.H.;

  f. Officer Calvillo forcefully pulled M.H. up off of the ground;

  g. Officer Cavillo violently tackled and slammed M.H. onto the ground;

  h.  DOE 5 pepper sprayed Airionna;

  i. DOE 5 slammed Airionna against the wall and handcuffed her; and

  j. Officer Cavillo pulled M.H. off the floor.

43. Both prior to and during the time in which the Defendants injured Plaintiffs, Plaintiffs posed no reasonable threat of violence or danger to the Defendants or to any other individual. Furthermore, Plaintiffs made no aggressive movements, furtive actions or physical movements that would have suggested to a reasonable officer that Plaintiffs were armed with any kind of weapon, or had the will or the ability to inflict substantial bodily harm against any individual.

44. Both prior to and during the time in which the Defendants attacked and injured Plaintiffs, Plaintiffs did not consent to the use of force used upon them.

45. This use of force was excessive and unreasonable under the circumstances, especially since Plaintiffs had done nothing violent before, during or after being physically attacked by Defendants.

46. As a result of the aforementioned conduct, M.H. suffered a concussion, continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities.

47. As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities.

48. As a result of the conduct of Defendants, they are liable for Plaintiffs' injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent violations.

49.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

50.    Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

### Malicious Prosecution (42 U.S.C. § 1983)

### (PLAINTIFF M.H. against DEFENDANT MARK CALVILLO and DOES 1–10)

51.    Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

52.    Defendants, while acting under color of law, deprived Plaintiff of his right to be free from malicious prosecution.

53.    Defendants contributed to, caused, and/or initiated a criminal prosecution against Plaintiff with malice and/or with the purpose of depriving him of his constitutional rights. Defendants did not have probable cause to arrest or prosecute Plaintiff for resisting arrest, and initiated prosecution for the purpose of evading civil liability. The prosecution ultimately terminated in Plaintiff's favor, as the resisting arrest charge was dismissed. Defendants knew or should have known the arrest of Plaintiff lacked probable cause, and that Plaintiff was innocent.

54.    Plaintiff brings this action under federal law. The constitutional source against malicious prosecution is primarily the due process clause of the Fourteenth Amendment, and Plaintiff's due process rights were violated by the conduct alleged herein. Plaintiff brings this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiff's right to be free from malicious prosecution is any constitutional source

other than due process (such as the Fourth or Fifth Amendments), this claim is brought on those bases as well.

55.   As a result of the aforementioned conduct, M.H. suffered anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities.

56.   The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to each individual Defendant.

57.   Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

**Violation of Title VI of the 1964 Civil Rights Act (42 U.S.C. § 1983)**

**(PLAINTIFFS against DEFENDANT MARK CALVILLO**

**and DOES 1–10)**

58.   Plaintiffs repeat and re-allege each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

59.   Defendants' above-described conduct violated Plaintiffs' right to be free from race discrimination by and/or within any educational program or activity which receives federal financial assistance. Wherefore, Plaintiffs request relief as set forth in the Prayer below.

60.   Due to KHSD's agents and employees' discriminatory conduct (i.e., Defendants' excessive force, false arrest, use of racial slur and unjustifiable expulsion), M.H. and Airionna were wrongfully denied educational services to which they were otherwise entitled, based on their protected class as African Americans.

61.   The acts and omissions of Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling them to an award of exemplary and punitive damages.  Plaintiffs do not seek exemplary and punitive damages against any public entity.

62.     Defendants are liable either because they were integral participants in the violative conduct or because they failed to intervene to prevent said violative conduct.

63.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

### Violation of the Equal Protection Clause (42 U.S.C. § 1983)

### (PLAINTIFFS against DEFENDANT MARK CALVILLO and DOES 1–10)

64.     Plaintiffs hereby incorporate each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

65.      M.H. and Airionna were treated differently and less favorably than similarly situated students who were not African American by employees and agents of KHSD, as more fully set forth in this complaint. Specifically, Defendants used extreme force, arrested and expelled M.H. and Airionna when failing to use the same force, arrest or expel non-Black students for similar conduct. In addition to the disproportionate rates of force, arrest and expulsion, Defendants' racial animus is further shown by DOE 1 calling M.H. a "nigger".

66.     Through their actions, policies, educational practices and conduct directed at M.H. and Airionna and, on information and belief, other African American students, Defendants deprived Plaintiffs of their constitutional right to equal protection under the law in violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the Constitution of the United States, because Defendants' practices constitute differential treatment solely on the basis of race, and without probable cause observed and determined on an individual, case-by-case basis.

67.     Defendants intentionally, purposefully and willfully caused the deprivation of Plaintiffs' constitutional rights to equal protection under the law.

68.     The acts and omissions of Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling them to an award of exemplary and punitive damages.  Plaintiffs do not seek exemplary and punitive damages against any public entity.

69. Defendants are liable either because they were integral participants in the violative conduct or because they failed to intervene or prevent said conduct despite having the opportunity to do so.

70. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

**SIXTH CAUSE OF ACTION**

**Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983) (PLAINTIFFS against DEFENDANTS KHSD, EAST BAKERSFIELD HIGH SCHOOL and DOES 6-10)**

71. Plaintiffs repeat and re-allege each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

72. On or about February 22, 2022, Defendants, as employees and/or agents of KHSD and EAST BAKERSFIELD HIGH SCHOOL, deprived Plaintiffs of their rights, privileges, and immunities secured by the Fourth, Fifth and Fourteenth Amendments of the United Sates Constitution, by maintaining, enforcing, condoning, tolerating and/or accepting the following policies, practices and/or customs:

    a. use of racial discrimination against Black and Latino students by faculty and staff;

    b. discriminatory suspending and expelling of minority students at disproportionate rates;

    c. use of excessive and unnecessary physical and mechanical restraint and other physical force on children by faculty and staff;

    d. failure to train and ensure compliance with state laws pertaining to restraints, including but not limited to restrictions on the physical and mechanical restraint of children, documentation and parent notification requirements for restraint and injury, and proper body camera procedures;

    e. failure to properly investigate and/or document constitutional violations against students by faculty and staff;

f. failure to discipline, reprimand or punish faculty and staff for violating students' right to be free from excessive force, false detention/arrest and/or race discrimination;

g. school police's failure to use their body cameras or using their body cameras properly, during handcuffings and other use of force incidents at school;

h. negligent hiring, retaining, training, assigning, supervising and disciplining faculty and staff who are predisposed to excessive force, false arrest and/or racial discrimination; and

i. permitting, condoning, and ratifying violations by employees/agents.

73. Said acts and omissions, practices, customs, or policies by Defendants were the driving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

74. In recent decades, school districts have drastically expanded school police programs. Instead of addressing student behaviors by providing positive supports or through administrative discipline, school administrators now call the police. The addition of police officers in schools has not made schools safer and instead has increased the criminalization of minorities, specifically African American students.[1] According to the U.S. Department of Education's 2015-16 Civil Rights Data Collection Survey, Black students make up 15% of student enrollment nationally but 31% of students referred to law enforcement or arrested at school.

75. The following list exemplifies the aforementioned policies, customs, practices and usages of Defendants:

a. According to media reports, Patricia Crawford, an African American Bakersfield mother, explained in a 2011 interview that her daughter was expelled from a KHSD school in 2010 for a fight in a gym witnesses

---

[1] Emily K. Weisburst, Patrolling Public Schools: The Impact of Funding for School Police on Student Discipline and Long-Term Education Outcomes, 38 J. OF POLICY ANALYSIS & MANAGEMENT 338 (2019) (finding that federal grants placing police on school campuses increased sanctions for low-level offenses, particularly for Black students, and decreased high school graduation rates).

agreed she didn't start. Crawford's daughter was later cleared, but for weeks, her mother said, her daughter fell behind as teachers declined requests for homework to do at home. Although the girl was fully exonerated, she was placed on probation when admitted back into to her school and forbidden from participating in volleyball, a sport at which she excelled. The girl was identified in her school records as a "problem student" and her record impacted school administrators' and teachers' treatment of her.

b.  According to a 2014 media report, Antonio M., a Latino student, was expelled from Arvin High School in Kern County for an alleged fight he denied being involved in. Antonio's parents, who do not read English, said they were given paperwork in English they thought authorized a five-day suspension. In reality, the parents signed a waiver to an expulsion hearing.

c.  In July of 2017 KHSD settled a lawsuit brought on behalf of African American and Latino high school students, alleging that African American and Latino students suffer discrimination from disciplinary practices that remove them at disproportionate rates from regular school and place them in inferior alternative settings. The lawsuit was filed in response to data provided by the U.S. Department of Education's Civil Rights Office showing that Kern County schools were **suspending and expelling African American students at a rate 500% higher than Caucasian, and Latinos at a rate of 380% higher.** Blacks were 8% of enrollment but 15% of expulsions. Among the complaints in the lawsuit was a situation involving Jerry Reagor, a black Foothill High School student who was suspended and involuntarily transferred for a seemingly minor infraction. The lawsuit said, Jerry removed his hat upon entering school as requested by the dean. At the end of the school

day, he returned to the office to retrieve his hat and was told he would have to wait until the dean was finished with her meeting. He said he didn't want to be late for eighth period. While he continued to wait, several other students came to the office and picked up their belongings, the lawsuit charges. Jerry approached the dean's office to knock on the door. School police were called. He later got his hat back, but was suspended for five days and involuntarily transferred to Tierra del Sol High School, an alternative school with fewer education options that is a school of last resort for students who are not succeeding.

d. According to an April 2022 media report, Ms. Farris, a teacher at Centennial High School, which is a part of KHSD, referred to a Black student using racial slurs, including calling him a "nigger", on several occasions. The boy's mom confronted the vice principal, who justified the teacher's comments. When a fellow student went to the office to tell them that the teacher should not be allowed to call a student a racial slur, the administration told her that Eminem says it too.

e. Cell phone video taken in February 2022 KHSD police officers violently tackling a Black student, prompting students, parents, and community members to call for an investigation into the district's police department about the use of force against kids in Kern County schools.

76.    On information and belief, Defendants attended training programs related to anti-discrimination prior to the incident with Plaintiffs.

77.    On information and belief, Defendants attended training programs related to use of force prior to the incident with Plaintiffs.

78.    On information and belief, Defendants attended training programs related to investigation of crimes and lawful searches and seizures prior to the incident with Plaintiffs.

79.    Despite Defendants receiving training that was designed to prevent the conduct

described in this Complaint, Defendants violated Plaintiffs' constitutional rights as described in this Complaint.

80.     Prior to the incident, Defendant KHSD and EAST BAKERSFIELD HIGH SCHOOL knew that its training program was insufficient to prevent the type of civil rights violations Plaintiffs suffered but did nothing to prevent said misconduct. Defendant KHSD and EAST BAKERSFIELD HIGH SCHOOL had knowledge, prior to and since this incident, of similar allegations of illegal searches and seizures, wrongful battery, dishonesty, discriminatory and improper tactics, and corruption by KHSD employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce or establish administrative procedures to ensure public safety and the protection of civilians' rights.

81.     The aforesaid policies, customs, practices and usages described in this Complaint were the moving force that caused Plaintiffs to be subjected to the unconstitutional acts of Defendants as described herein.

82.     By reason of the aforesaid policies, customs, practices and usages, Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated.

## SEVENTH CAUSE OF ACTION

### Equal Protection Violation under the California Constitution

### (PLAINTIFFS against all DEFENDANTS)

83.     Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein

84.     The practices described herein violate Plaintiffs' right to the equal protection of the laws as guaranteed by Article I, Section 7 of the California Constitution because Defendants' practices constitute differential treatment solely on the basis of race, and without probable cause observed and determined on an individual, case-by-case basis.

85.     As a direct and proximate result of Defendants' conduct as alleged herein,

Plaintiffs have been discriminated against because of their race; greatly inconvenienced; denied educational services to which they were entitled; and otherwise humiliated.

86.     Unless restrained or enjoined by this court, Defendants will continue to subject M.H., and on information and belief, other African American students, to unfair and inadequate education services, wrongful deprivation of education services, shame, humiliation, inconvenience, loss of fundamental statutory rights, and loss of educational and developmental opportunities, all to Plaintiffs' damage.

87.     Plaintiff has no plain, speedy, or adequate remedy at law, and for that reason, seeks declaratory and injunctive relief.

88.     As a result of the conduct of Defendants, they are liable for Plaintiffs' injuries. As a result of the aforementioned conduct, M.H. suffered a concussion, continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. The full extent of Plaintiffs' injuries and damages are not known at this time. Plaintiffs will articulate the damages once ascertained with particularity.

89.     The acts and omissions of the individual Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling them to an award of exemplary and punitive damages.

90.     KHSD and EAST BAKERSFIELD HIGH SCHOOL are vicariously liable for the wrongful acts of the individual Defendants, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the

employee's act would subject him or her to liability.

## EIGHTH CAUSE OF ACTION

### Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1)

### (PLAINTIFFS against all DEFENDANTS)

91.     Plaintiffs repeat and re-allege each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

92.     As alleged herein, Defendants Officer Calvillo and DOES 1-10 interfered by intimidation, or coercion with Plaintiffs' rights under state and federal laws and under the state and federal constitution including, without limitation, the right to education, to be free from discrimination, unreasonable searches and seizures and malicious prosecution, including their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and their rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

93.     As a result of the aforementioned conduct, M.H. suffered a concussion, continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. The full extent of Plaintiffs' injuries and damages are not known at this time. Plaintiffs will articulate the damages once ascertained with particularity.

94.     As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

95.     The acts and omissions of the individual Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs,

entitling them to an award of exemplary and punitive damages.

96.     Plaintiffs seek statutory damages under California Civil Code §52.1(i), as well as compensatory and punitive damages according to proof.

97.     KHSD and EAST BAKERSFIELD HIGH SCHOOL are vicariously liable for the wrongful acts of the individual Defendants, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

## NINTH CAUSE OF ACTION

### Negligence (Cal. Govt. Code §§ 815.2(a), 820(a))

### (PLAINTIFFS against all DEFENDANTS)

98.     Plaintiffs repeat and re-allege each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

99.     At all times relevant, Defendants and each of them had official and actual notice of the significant risk of harm and abuse which Plaintiffs endured. Plaintiffs allege that each Defendant was vested with the responsibility of standing in the shoes of the parents and guardians of the children entrusted to their care. In accordance with the doctrine of in loco parentis, the Defendants possessed an independent and affirmative duty to protect the safety and welfare of their students.

100.    California Education Code § 49000 and its litany mandate that children of school age are at the most vulnerable and impressionable period of their life, and it is wholly reasonable that the safeguards to the integrity and sanctity of their bodies should be at least equal to that afforded other citizens.  California Education Code §220 states in pertinent part that "No person shall be subjected to discrimination on the basis of disability, gender, gender identity, gender expression, nationality, **race or ethnicity**."

101.    California Education Code § 49005 *et seq.* provides that staff may only use restraint in an emergency and not for the purpose of coercion, discipline,

convenience, or retaliation. California Education Code § 49005 further provides staff may not place a pupil in a facedown position with the pupil's hands held or restrained behind the pupil's back. Cal. Educ. Code § 49005.8(a)(5).

102.   Plaintiffs allege that the foregoing statutes are amongst the most salient designed to protect children like M.H. and Airionna from the kind of harm they suffered at the hands of Defendants and each of them.

103.   Each Defendant possessed an ongoing duty to protect and ensure Plaintiffs' safety and well-being while under their care and supervision.

104.   Each Defendant possessed an ongoing duty to provide Plaintiffs with a safe, structured, supportive educational environment and experience, free from hostility, physical and psychological restraint, humiliation, harassment, intimidation and discrimination. Moreover, each Defendant, individually and collectively, possessed the knowledge, power and authority, or should have possessed the knowledge, power, and authority, to rectify the intolerable conditions and abuses Plaintiffs experienced.

105.   Defendants breached their duty of care to Plaintiffs by subjecting Plaintiffs to excessive force, false arrest, racial slurs and discrimination and unreasonable expulsion; negligently hiring, retaining, training, assigning, supervising and disciplining faculty and staff who are predisposed to excessive force, false arrest and/or racial discrimination; and permitting, condoning, and ratifying the constitutional violations by Defendant MARK CALVILLO and DOES. Defendants also breached their duty of care to Plaintiff M.H. by subjecting him to malicious prosecution.

106.   In doing the acts and omissions as herein alleged, Defendants engaged in acts and omissions which fell far below the standard of care owed to Plaintiffs.  In so doing, the Defendants breached their respective duties of care by exposing Plaintiffs to unreasonable harm and abuse.

107.   As a result of the aforementioned conduct, M.H. suffered a concussion, continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional

distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. The full extent of Plaintiffs' injuries and damages are not known at this time. Plaintiffs will articulate the damages once ascertained with particularity.

108.   As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

109.   The acts and omissions of the individual Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling them to an award of exemplary and punitive damages.

110.   KHSD and EAST BAKERSFIELD HIGH SCHOOL are vicariously liable for the wrongful acts of the individual Defendants, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

## **TENTH CAUSE OF ACTION**

**Assault & Battery (Cal. Govt. Code §§ 815.2(a), 820(a))**

**(PLAINTIFFS against all DEFENDANTS)**

111.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

112.   Defendants, individually and in their official capacities, while working for KHSD, and acting within the course and scope of their duties, assaulted and battered Plaintiffs when:

a.  Officer Calvillo forcefully yanked M.H. by his arm twice;

b.  Officer Calvillo yanked M.H. a third time, spun M.H. around so that they were facing each other and deployed his pepper spray.

c.  DOE 2, tackled M.H to the concrete ground and pressed his knee into M.H.'s neck and back;

d.  Officer Calvillo and DOES 2, 3 and 4 continuously pinned M.H. down to the ground by applying the pressure of their bodyweight onto M.H.'s neck, back and legs;

e.  Officer Calvillo handcuffed M.H.;

f.  Officer Calvillo forcefully pulled M.H. up off of the ground;

g.  Officer Cavillo violently tackled and slammed M.H. onto the ground;

h.   DOE 5 pepper sprayed Airionna;

i.   DOE 5 slammed Airionna against the wall and handcuffed her; and

j.  Officer Cavillo pulled M.H. off the floor.

113.   Both prior to and during the time in which Plaintiffs were assaulted and battered, Plaintiffs did not commit a crime, were not armed with any kind of weapon and posed no reasonable threat of violence to the Defendants, nor to any other individual. When they were attacked, as described herein, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that either of them had the will or ability to inflict bodily harm against any individual.

114.   As a result of the aforementioned conduct, M.H. suffered a concussion, continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory

rights, and loss of educational and developmental opportunities. The full extent of Plaintiffs' injuries and damages are not known at this time. Plaintiffs will articulate the damages once ascertained with particularity.

115.   As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

116.   The acts and omissions of the individual Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling them to an award of exemplary and punitive damages.

117.   KHSD and EAST BAKERSFIELD HIGH SCHOOL are vicariously liable for the wrongful acts of the individual Defendants, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

**ELEVENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress (Cal. Govt. Code §§ 815.2(a), 820(a))**

**(PLAINTIFFS against all DEFENDANTS)**

118.   Plaintiffs incorporate by reference and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

119.   Defendants' actions and inactions detailed above, including but not limited to, use of racial slur and derogatory comments, unjustifiably searching and seizing Plaintiffs, unjustifiably expelling Plaintiffs, using excessive force against Plaintiffs, falsifying police reports and subjecting Plaintiff M.H. to malicious prosecution, were done either with the intent to cause emotional distress or with reckless disregard of the probability of causing such emotional distress.

120.   As a result of the aforementioned conduct, M.H. suffered a concussion, continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of

liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. The full extent of Plaintiffs' injuries and damages are not known at this time. Plaintiffs will articulate the damages once ascertained with particularity.

121. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

122. The acts and omissions of the individual Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling them to an award of exemplary and punitive damages.

123. KHSD and EAST BAKERSFIELD HIGH SCHOOL are vicariously liable for the wrongful acts of the individual Defendants, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

## TWELFTH CAUSE OF ACTION

### False Arrest (Cal. Govt. Code §§ 815.2(a), 820(a))

### (PLAINTIFFS against all DEFENDANTS)

124. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

125. Defendants MARK CALVILLO and DOES 1-10, individually and in their official capacities, intentionally caused Plaintiffs to be arrested on without a warrant or probable cause.

126. As a result of the aforementioned conduct, M.H. suffered a concussion,

continuous vomiting, severe physical pain, scrapes, cuts, bruises, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. As a result of the aforementioned conduct, Airionna suffered severe physical pain, extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. The full extent of Plaintiffs' injuries and damages are not known at this time. Plaintiffs will articulate the damages once ascertained with particularity.

127.   As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

128.   The acts and omissions of the individual Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling them to an award of exemplary and punitive damages.

129.   KHSD and EAST BAKERSFIELD HIGH SCHOOL are vicariously liable for the wrongful acts of the individual Defendants, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

## THIRTEENTH CAUSE OF ACTION

### Malicious Prosecution (Cal. Govt. Code §§ 815.2(a), 820(a))

### (PLAINTIFF M.H. against all DEFENDANTS)

130.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

131.   Defendants MARK CALVILLO and DOES 1-10, individually and in their official capacities, were actively involved causing Plaintiff to be prosecuted for

resisting arrest. The case ended in Plaintiff's favor.

132.    No reasonable person in Defendants MARK CALVILLO or DOES 1-10's, circumstances would have believed that there were reasonable grounds to prosecute Plaintiff for resisting arrest.

133.    Defendants MARK CALVILLO and DOES 1-10 acted primarily for a purpose other than succeeding on the merits of the claim.

134.    As a direct and proximate of Defendants' malicious prosecution, M.H. suffered extreme emotional distress, anxiety, depression, mental anguish, humiliation, inconvenience, loss of liberty, loss of fundamental statutory rights, and loss of educational and developmental opportunities. The full extent of Plaintiffs' injuries and damages are not known at this time. Plaintiffs will articulate the damages once ascertained with particularity.

135.    As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent this violation.

136.    The acts and omissions of the individual Defendants were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling them to an award of exemplary and punitive damages.

137.    KHSD and EAST BAKERSFIELD HIGH SCHOOL are vicariously liable for the wrongful acts of the individual Defendants, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

///

///

///

///

///

## **PRAYER**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

1.      For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2.      For special damages according to proof;

3.      Enjoin Defendants, their successors in office, agents, employees and assigns, and all persons acting in concert with them, to

        a.   Stop school police officers from mechanically restraining students and arresting students who engage in low level behaviors, up to and including ordering school police officers to cease patrolling District schools; and

        b.   Cease suspending and expelling minority students at disproportionate rates compared to their White counterparts for low level behaviors.

4.      For punitive damages as provided by federal and state law, in an amount to be proved against the individual Defendants;

5.      For prejudgment interest;

6.      For attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988 & Civ. Code § 52.1(h);

7.      For reasonable costs of this suit incurred herein; and

///

///

///

///

///

///

///

PLAINTIFFS' COMPLAINT

8.     For such other and further relief as the Court may deem just, proper and appropriate.

Date: April 4, 2023                                    **PLC LAW GROUP, APC**

                                                       /s/ *Lauren K. McRae*
                                                       _____
                                                       Peter L. Carr, IV
                                                       Na'Shaun L. Neal
                                                       Lauren K. McRae
                                                       Attorney for Plaintiffs
                                                       AIRIONNA BLINK and M.H, a minor,
                                                       by and through his Guardian ad Litem,
                                                       TIFFANY ARTERBERRY


## **DEMAND FOR JURY TRIAL**

       Plaintiffs hereby respectfully demand a trial by jury on all issues and claims.

Date: April 4, 2023                                    **PLC LAW GROUP, APC**

                                                       /s/ *Lauren K. McRae*
                                                       _____
                                                       Peter L. Carr, IV
                                                       Na'Shaun L. Neal
                                                       Lauren K. McRae
                                                       Attorney for Plaintiffs
                                                       AIRIONNA BLINK and M.H, a minor,
                                                       by and through his Guardian ad Litem,
                                                       TIFFANY ARTERBERRY