UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., a minor, by and through his guardian ad litem, TIFFANY ARTERBERRY, AIRIONNA BLINK.<br><br>Plaintiffs,<br><br>v.<br><br>KERN HIGH SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 1:23-cv-00531-ADA-CDB<br><br>**ORDER GRANTING UNOPPOSED MOTION TO APPOINT GUARDIAN AD LITEM FOR M.H.**<br><br>(Doc. 32) |

On April 4, 2023, Plaintiffs M.H. (a minor) and Airionna Blink filed a complaint against Defendants Kern High School District, East Bakersfield High School, and Mark Calvillo.[1] (Doc. 1). According to the operative Second Amended Complaint, Plaintiffs were sitting on a bench at East Bakersfield High School when a male security guard questioned them about their whereabouts. (Doc. 15 ¶ 13). Plaintiffs replied that they were waiting for their uncle to pick them up.

Later, a different adult male security guard approached Plaintiffs and told them go "get the f— up" and go to class. Plaintiffs explained to the security guard that they were waiting to get picked up, but then the security guard allegedly called M.H. a racial slur and began having a verbal altercation with Plaintiffs. *Id*. ¶ 14.

The second security guard called for additional security. School Police Officer Mark

---

[1] Defendant East Bakersfield High School has since been dismissed on August 23, 2023. (Doc. 23).

1  Calvillo and additional security guards arrived and told Plaintiffs that they needed to go to the
2  office. *Id.* ¶ 16. Once Plaintiffs arrived in the office, M.H. stood up to get his inhaler and Defendant
3  Calvillo violently tackled and slammed him onto the ground.  *Id.* ¶ 22. Plaintiff Blink was also
4  pepper sprayed and slammed against the wall.

5       Plaintiffs were transported to a detention facility and were released from police custody
6  approximately six hours later.  *Id.* ¶ 26.  Plaintiffs were both criminally charged, but the charges
7  were allegedly resolved in their favor.  *Id.* ¶ 27.  Plaintiffs allege that M.H. suffered a concussion,
8  vomiting, severe physical pain, mental anguish, loss of educational and development opportunities
9  and other forms of damage due to Defendants' conduct.  *Id.* ¶ 28.

10       On August 22, 2023, because Plaintiffs' pleadings referred to the appointment of a guardian
11  ad litem but the Court was unaware of any information indicating such had been appointed
12  previously, the Court ordered Plaintiffs to file an application seeking appointment of guardian ad
13  litem. (Doc. 22).  Currently before the Court is Plaintiff M.H.'s renewed motion to appoint his
14  mother, Tiffany Arterberry, as his guardian ad litem.  (Doc. 32). Counsel for Plaintiffs attests he
15  met and conferred with counsel for Defendants, who indicated that they did not oppose the proposed
16  appointment. *Id.* at 2.

17       Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or
18  incompetent person may sue or defend on the minor or incompetent person's behalf.  Fed. R. Civ.
19  P. 17(c).  In addition, a court "must appoint a guardian ad litem - or issue another appropriate
20  order - to protect a minor or incompetent person who is unrepresented in an action." *Id*.  The
21  capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R.
22  Civ. P. 17(b)(1).

23       Under California law, an individual under the age of 18 is a minor, and a minor may bring
24  suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint
25  a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate
26  whether to appoint a particular guardian ad litem, the Court must consider whether the minor and
27  the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

28       The appointment of the guardian ad litem is more than a mere formality. *United States v.*

*30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the induvial during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot carry any impermissible conflict of interest with the ward. Courts also consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal.

App.4th 36, 50 (2007)).

## DISCUSSION

Plaintiffs have filed a copy of M.H.'s birth certificate under seal. (Doc. 30). The birth certificate supports Plaintiffs' assertion that M.H. is a minor. The proposed guardian ad litem, Tiffany Arterberry, represents that she is competent, responsible, able, and willing to serve as the guardian ad litem. (Doc. 32 pp. 2-3). As M.H.'s parent, Tiffany Arterberry is qualified to understand and protect M.H.'s rights and represents that she has no interests adverse to the minor she seeks to represent. In the renewed motion (Doc. 32), filed on September 1, 2023, M.H.'s attorney attests to the disclosure of attorney's interest that complies with E.D. Cal. Local Rule 202(c).

Plaintiffs renewed motion satisfies the requirements for appointment of guardian ad litem under Fed. R. Civ. P. 17(c) and E.D. Cal. Local Rule 202.

## CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiffs' renewed motion to appoint Tiffany Arterberry as guardian ad litem for M.H. (Doc. 32) IS GRANTED; and

2. Tiffany Arterberry is appointed to act as guardian ad litem for Plaintiff M.H. and is authorized to prosecute the claims on M.H.'s behalf.

IT IS SO ORDERED.

Dated: **September 5, 2023**

UNITED STATES MAGISTRATE JUDGE