1  **LOUIS R. DUMONT-STATE BAR NO. 130198**
2  **KATRINA J. VALENCIA-STATE BAR NO. 230931**
   **CARPENTER, ROTHANS & DUMONT LLP**
3  **500 S. Grand Avenue, 19th Floor**
   **Los Angeles, CA 90071**
4  **(213) 228-0400 / (213) 228-0401 (Fax)**
   **ldumont@crdlaw.com; kvalencia@crdlaw.com**
5
   Attorneys for Defendants
6  KERN HIGH SCHOOL DISTRICT, a public entity, *erroneously sued as East Bakersfield High School*; and Officer MARK CALVILLO, a public employee

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRIONNA BLINK and M.H, a minor, by and through his Guardian ad Litem, TIFFANY ARTERBERRY. <br><br> Plaintiffs. <br><br> v. <br><br> KERN HIGH SCHOOL DISTRICT; EAST BAKERSFIELD HIGH SCHOOL; MARK CALVILLO and DOES 1 through 10 inclusive. <br><br> Defendants. | Case No. 1:23-cv-00531-ADA-CDB <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** <br><br> **Magistrate Judge Christopher D. Baker** |

TO THE HONORABLE COURT:

By and through their counsel of record in this action, Plaintiffs, AIRIONNA BLINK and M.H, a minor, by and through his Guardian ad Litem, TIFFANY ARTERBERRY by and through their counsel, and Defendants KERN HIGH SCHOOL DISTRICT, a public entity, and Officer MARK CALVILLO, a public employee – the Parties –hereby stipulate for the purpose of jointly requesting that the honorable Court enter a protective order regarding the confidential documents in in this matter [and pursuant to Fed. R. Civ. P. 5.2, 7, and 26; U.S. Dist. Ct., E.D. Cal., Local Rules 141.1, 143, and 302(c)(2);

and any applicable Orders of the Court] as follows:

# 1. INTRODUCTION

## 1.1 PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2 GOOD CAUSE STATEMENT

The Parties maintain that good cause exists for entry of a protective order in this action. <u>Oliner v. Kontrabecki</u>, 745 F.3d 1024, 1026 (9th Cir. 2014). This civil rights action arises out of the events set forth in Plaintiffs' Operative Complaint which seeks damages for: (1) Unreasonable Search and Seizure; (2) Excessive Force; (3) Malicious Prosecution; (4) Violation of Title VI of the 1964 Civil Rights Act; (5) Violation of the Equal Protection Clause; (6) Equal Protection Violation under the California Constitution; (7) Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1); (8) Negligence (Cal. Govt. Code §§ 815.2(a), 820(a)); (9) Assault & Battery (Cal. Govt. Code §§ 815.2(a), 820(a)); (10) Intentional Infliction of Emotional Distress (Cal. Govt. Code §§ 815.2(a), 820(a)); and (11) False Arrest (Cal. Govt. Code §§ 815.2(a), 820(a)).

1  This litigation is in the early stages of discovery. The Parties contend that some
2 of the documents and information that will be produced during the discovery process
3 contain confidential and private information. Specifically, Defendant Officer are
4 peace officers whose personnel records are confidential under California law. Portions
5 of police personnel records may be disclosed, as well as documents reflecting policies,
6 functioning, training, schedules, or other operational details of law enforcement, and
7 these must also be protected from public disclosure in order to ensure the safety and
8 security of law enforcement and the public. The personnel records warrant special
9 protection from public disclosure and from use for any purpose other than prosecution
10 of this action. Such confidential and proprietary materials and information consist of,
11 among other things, confidential employment and personnel information relating to a
12 peace officer which is otherwise generally unavailable to the public, or which may be
13 privileged or otherwise protected from disclosure under state or federal statutes, court
14 rules, case decisions, or common law.  Additionally, Plaintiffs are or were minor
15 students that attended a school located in Defendant's School District.  Plaintiffs'
16 school records are protected under various education codes and the constitution and
17 cannot be produced without Plaintiffs' waiver of such protections or subject to a
18 stipulated Order. Moreover, Plaintiffs have asserted various psychiatric and medical
19 claims which Plaintiffs deem protected.

20  In light of the nature of the claims and allegations in this case and the Parties'
21 representations that discovery in this case will involve the production of confidential
22 records and information, and in order to expedite the flow of information, to facilitate
23 the prompt resolution of disputes over confidentiality of discovery materials, to
24 adequately protect information the parties are entitled to keep confidential, to ensure
25 that the Parties are permitted reasonable necessary uses of such material in connection
26 with this action, to address their handling of such material at the end of the litigation,
27 and to serve the ends of justice, a protective order for such information is justified in
28 this matter. The Parties shall not designate any information/documents as confidential

without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 Action: *Blink, et al. v. Kern High School District, et al*, Case No.: 23-cv-00531-ADA-CDB, pending in the United States District Court, Eastern District of California.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of

this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the

1  Designating Party to sanctions.

2  If it comes to a Designating Party's attention that information or items that it
3  designated for protection do not qualify for protection, that Designating Party must
4  promptly notify all other Parties that it is withdrawing the mistaken designation.

5  5.2 Manner and Timing of Designations. Except as otherwise provided in this
6  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated
7  or ordered, Disclosure or Discovery Material that qualifies for protection under this
8  Order must be clearly so designated before the material is disclosed or produced.

9  Designation in conformity with this Order requires:

10  (a) for information in documentary form (e.g., paper or electronic documents,
11  but excluding transcripts of depositions or other pretrial or trial proceedings), that the
12  Producing Party affix the legend "CONFIDENTIAL" to each page that contains
13  protected material. If only a portion or portions of the material on a page qualifies for
14  protection, the Producing Party also must clearly identify the protected portion(s)
15  (e.g., by making appropriate markings in the margins). A Party or Non-Party that
16  makes original documents or materials available for inspection need not designate
17  them for protection until after the inspecting Party has indicated which material it
18  would like copied and produced. During the inspection and before the designation, all
19  of the material made available for inspection shall be deemed "CONFIDENTIAL."
20  After the inspecting Party has identified the documents it wants copied and produced,
21  the Producing Party must determine which documents, or portions thereof, qualify for
22  protection under this Order. Then, before producing the specified documents, the
23  Producing Party must affix the "CONFIDENTIAL" legend to each page that contains
24  Protected Material. If only a portion or portions of the material on a page qualifies for
25  protection, the Producing Party also must clearly identify the protected portion(s)
26  (e.g., by making appropriate markings in the margins).

27  (b) for testimony given in deposition or in other pretrial or trial proceedings,
28  that the Designating Party identify on the record, before the close of the deposition,

hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

# 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Objecting to Designation and Judicial Intervention. A party may at any time object to the designation of Information as CONFIDENTIAL and move the Court for an order declaring that such Information not be designated CONFIDENTIAL. No motion relating to the designation of Information as CONFIDENTIAL shall be filed without first completing the following steps.

First, the moving party SHALL confer with the opposing party in a good faith effort to resolve the dispute. Second, if the good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and

originate the conference call to the court. Counsel must comply with the Court's procedures and Local Rule 251 or the motion will be denied with prejudice and dropped from calendar.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to: (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock

jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order

shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court

within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 143. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 143, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 143 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 143 unless otherwise instructed by the Court.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 25, 2023         CARPENTER, ROTHANS & DUMONT LLP

By: */s/ Katrina J. Valencia*
LOUIS R. DUMONT
KATRINA J. VALENCIA
Attorneys for Defendants
KERN HIGH SCHOOL DISTRICT, *a public entity*; and Officer MARK CALVILLO, a *public employee*

DATED: October 25, 2023         PLC LAW GROUP, APC

By: */s/ Na'Shaun L. Neal*
PETER L. CARR, IV
NA'SHAUN L. NEAL
LAUREN K. MCRAE
Attorneys for Plaintiffs
AIRIONNA BLINK and M.H, a minor, by and through his Guardian ad Litem, TIFFANY ARTERBERRY

Per L.R. 131, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing on the aforementioned date.

DATED: October 25, 2023                    CARPENTER, ROTHANS & DUMONT LLP

By: */s/ Katrina J. Valencia*
LOUIS R. DUMONT
KATRINA J. VALENCIA
Attorneys for Defendants
KERN HIGH SCHOOL DISTRICT *a public entity*; and Officer MARK CALVILLO, a *public employee*

IT IS SO ORDERED.

Dated: **October 25, 2023**                    _____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Eastern District of California on [date] in the case of *Blink, et al. v. Kern High School District, et al*, Case No.: 23-cv-00531-ADA-CDB.   I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____