UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., by and through his guardian ad litem TIFFANY ARTERBERRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KERN HIGH SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 1:23-cv-00531-KES-CDB<br><br>ORDER GRANTING EX PARTE APPLICATION OF NA'SHAUN L. NEAL, PETER LAURENCE CARR, IV, AND LAUREN KHALI MCRAE TO WITHDRAW AS COUNSEL FOR PLAINTIFFS<br><br>(Doc. 42)<br><br>**21-DAY DEADLINE**<br><br>Clerk of the Court to Effect Service By Mail |

Pending before the Court is the ex-parte motion of Lauren K. McRae on behalf of herself, Peter L. Carr, IV, and Na'Shaun L. Neal, of PLC Law Group, A PC ("PLCLG") to withdraw as Plaintiffs' counsel of record. (Doc. 42). The PLCLG attorneys' motion is supported by a declaration of attorney McRae (Doc. 42-1) and a sealed filing, which was reviewed by the Court. (Doc. 50). The Court convened for an in-person and Zoom videoconference hearing on the motion on April 8, 2024. (Doc. 52). Counsel Peter Carr and counsel for Defendant appeared via Zoom videoconference. Neither Plaintiffs M.H., Tiffany Arterberry (M.H.'s guardian ad litem), nor Plaintiff Arionna Blink made an appearance.[1] For the reasons set forth below, the PLCLG attorneys' motion will be granted.

---

[1] Plaintiff M.H. was a minor at the time this action was filed but since has attained the age of majority. (Doc. 42-1 ¶4).

1

**Background**

On April 6, 2022, Plaintiffs M.H. and Blink retained PLCLG to represent their interests in a civil rights action against Defendants. Plaintiffs filed an initial complaint on April 4, 2023. (Doc. 1). The Court issued the operative scheduling order on September 12, 2023. (Doc. 38). The PLCLG attorneys filed and served on Plaintiffs their motion to withdraw on February 29, 2024. (Doc. 42). At the Court's direction, they subsequently served on Plaintiffs a filing made under seal and a minute order noticing the motion to withdraw for hearing. (Docs. 43-46, 51).

**Legal Standard**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to

avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. R. Prof. Conduct 1.16(b)(4). Separately, a lawyer may withdraw from representing a client if "the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law[.]" Cal. R. Prof Conduct 1.16(b)(1).

**Discussion**

In her declaration, Counsel McRae attests that she personally spoke with Plaintiff M.H. on January 4, 2024, regarding the circumstances supporting withdrawal.  (Doc. 42-1 ¶5).  Thereafter, the PLCLG attorneys attempted to contact Plaintiffs to discuss the circumstances supporting withdrawal, by calling the phone numbers provided by Plaintiffs M.H., Blink and Arterberry. However, none of those numbers are still in service. The PLCLG attorneys represent they had attempted to contact Plaintiffs for several weeks prior to applying to withdraw as counsel of record (*e.g.*, through early-February 2024), but Plaintiffs failed to provide updated contact information.  During the motion hearing, counsel confirmed that Plaintiffs still had not responded to their mailings, emails and phone calls, including in connection with counsel's service on Plaintiffs of their filings in support of withdrawal.

The PLCLG attorneys represent that good cause for withdrawal exists under the California Rules of Professional Conduct, Rule 1.16(1) and (4), as Plaintiffs insist on presenting a claim or defense in litigation that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law – which rendered it unreasonably difficult for the PLCLG attorneys to carry out their representation effectively.

Following an *in camera* review of the PLCLG attorneys' declaration filed under seal (Doc. 50) and having considered counsel's representations made during the motion hearing, the Court finds good cause to permit withdrawal under the California Rules of Professional Conduct as it appears a breakdown in the attorney-client relationship has occurred and that Plaintiffs insist on presenting a

claim or defense in litigation that is not warranted under existing law.  Among other things, the PLCLG attorneys confirmed during the motion hearing that they are delinquent in complying with their discovery obligations as they have been unable to communicate with Plaintiffs to facilitate discovery efforts.  Further, the PLCLG attorneys have complied with the notice requirements set forth by Local Rule 182(d) as they served Plaintiffs with a copy of the motion to withdraw and sealed filing by mail and email. (Docs. 44-46, 51).  The Court also notes granting withdrawal will not cause undue prejudice to any litigant, to the administration of justice, or delay the resolution of the case.  Among other things, the Court notes that Defendants have not opposed the pending motion, and although Defendants expressed some concern during the hearing with the timely completion of discovery in this matter, they may ameliorate this potential issue by seeking relief from the Court in the event Plaintiffs do not diligently prosecute this case and fail to comply with their discovery obligations.  *See* Fed. R. Civ. P. 37.

Additionally, while a guardian ad litem ordinarily may not prosecute an action on behalf of a minor without representation by a licensed attorney (*see, e.g., Garcia v. City of Fresno*, No. 1:16-CV-01340-LJO-SAB, 2017 WL 6383814, at *4 (E.D. Cal. Dec. 14, 2017)), here, M.H. no longer is a minor and, hence, may proceed in this action pro se.

Because Plaintiffs have not filed a substitution of attorney, the Court will direct them to inform the Court in writing within twenty-one (21) days of the service of this order whether they intend to continue prosecuting this action and, if so, whether they intend to obtain substitute counsel or proceed pro se.  Any failure by Plaintiffs to respond to the Court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the Court's order.

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED:

1. The PLCLG attorneys' motion to withdraw as counsel (Doc. 42) is GRANTED;
2. The Clerk of the Court is directed to terminate Na'Shaun L. Neal, Peter Laurence, Carr, IV, Lauren Khali McRae as counsel of record for Plaintiffs M.H. and Airionna Blink.

4

3. Counsel for Plaintiffs shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees;

4. Plaintiffs are substituted in propria persona and are directed to comply with all hearing dates and the rules of the Court;

5. The Clerk of the Court is directed to enter the following contact information as Plaintiffs addresses of record:

    **M.H.**
    10916 Delusion Dr.
    Bakersfield, CA 93311

    **Airionna Blink**
    10916 Delusion Dr.
    Bakersfield, CA 93311

    **Tiffany Arterberry**
    10916 Delusion Dr.
    Bakersfield, CA 93311

6. Plaintiffs are advised that pursuant to Local Rules 182(f) and 183(b) they are under a continuing duty to notify the Clerk of the Court and all other parties of any change of address or telephone number;

7. The Clerk of the Court is directed to serve this order on Plaintiffs by mail; and

8. Plaintiffs are directed to inform the Court with a written filing mailed to the Clerk of the Court within 21 days of service of this order whether they intend to continue prosecuting this action and, if so, whether they intend to obtain new counsel or represent themselves. Any failure by Plaintiffs to timely respond to the Court's order in this regard will result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   **April 15, 2024**

UNITED STATES MAGISTRATE JUDGE