UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H., by and through his guardian ad litem TIFFANY ARTERBERRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KERN HIGH SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 1:23-cv-00531-KES-CDB<br><br>ORDER VACATING ALL CASE MANAGEMENT DATES<br><br>(Doc. 38)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2) AND IN THE ALTERNATIVE TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b) FOR PLAINTIFFS' FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Effect Service By Mail |

Plaintiffs Arionna Blink and M.H (now proceeding through M.H.'s guardian ad litem, Tiffany Arterberry), commenced this action with the filing of a complaint on April 4, 2023, asserting causes of action pursuant to 42 U.S.C. § 1983 against Defendants Kern High School District, Mark Calvillo, and since-dismissed Defendant East Bakersfield High School. (Docs. 1, 21, 23).[1] Plaintiffs formerly were represented by counsel but now are proceeding pro se following the Court's grant of former counsel's

---

[1] Plaintiff M.H. was a minor at the time this action was filed but has since attained the age of majority. (Doc. 42-1 ¶4).

1

1  motion to withdraw.  (Doc. 53).  For the reasons set forth below, the undersigned recommends that the
2  action be dismissed as a voluntary dismissal by Plaintiff pursuant to Fed. R. Civ. P. 41(a)(2), or, in the
3  alternative, pursuant to Fed. R. Civ. P. 41(b) due to Plaintiffs' repeated, ongoing failures to prosecute
4  this action and comply with the Court's orders.

**I.      Background**

On September 12, 2023, the Court issued the operative scheduling order setting all case management dates for this case.  (Doc. 38).  On April 15, 2024, the Court granted counsel for Plaintiffs' ex parte application to withdraw.  (Doc. 53).  Based on information provided to the Court through counsel's public and sealed filings and argument delivered during the motion hearing, the Court found counsel has established good cause to permit withdrawal.  *Id.* at 3-4.  Specifically, the Court agreed that counsel had demonstrated the existence of a breakdown in the attorney-client relationship and that Plaintiffs insisted on presenting a claim or defense in litigation that is not warranted under existing law.  Furter, during the motion hearing, counsel confirmed that Plaintiffs are delinquent in complying with their discovery obligations as they have been unable to communicate with Plaintiffs to facilitate discovery efforts.  *Id.* at 4.

On April 26, 2024, approximately one week prior to the mid-discovery status conference, Defendants filed a status report informing the Court that they unsuccessfully had attempted to communicate with Plaintiffs to discuss the ongoing discovery delays and draft a joint mid-discovery status report signed by both parties as required by the scheduling order.  (Doc. 56).  Thereafter, on May 3, 2024, the Court convened for the mid-discovery status conference and Plaintiffs appeared via Zoom.  (Doc. 57).  During the conference, Plaintiffs confirmed receipt of their counsels' motion to withdraw and confirmed their new address of record.  *Id*.

During the mid-discovery status conference, the Court inquired with Ms. Arterberry (M.H.'s guardian ad litem) whether she could speak on Plaintiffs' behalf and, following her apparent consultation with the other Plaintiffs present, she responded that she could speak for Plaintiffs collectively.  The Court explained to Plaintiffs the posture of the case and inquired how they intended to proceed considering their counsel's recent withdrawal.  Ms. Arterberry stated, "we're just going to let it go" and that Plaintiffs wanted to "drop the case."  The Court explained that it is Plaintiffs'

prerogative to proceed pro se or to retain new counsel.  However, Ms. Arterberry confirmed that Plaintiffs wanted to voluntarily dismiss the action.  At the Court's prompting, counsel for Defendants agreed to prepare and transmit to Plaintiffs via their confirmed email and residential address a stipulation for voluntary dismissal.  The Court ordered the parties to file a stipulated notice of dismissal pursuant to Rule 41(a)(1)(A)(ii) by no later than June 5, 2024, or otherwise appear for a further status conference on that date.  *Id*.

On May 31, 2024, Defendants filed a status report in which counsel represented that they had attempted to contact Plaintiffs though mail on May 7, 2024, and though emails on May 7, May 24, and May 30, 2024, to arrange and obtain signatures for the notice of stipulated dismissal.  Plaintiffs did not responded to Defendants' messages and reportedly remain delinquent in complying with their discovery obligations.  (Doc. 58).

On June 5, 2024, the Court convened for a status conference.  Plaintiffs did not appear or otherwise communicate with the Court or with counsel for Defendants explaining their absence.  (Doc. 59).

**II.     Discussion**

It is evident from Plaintiffs' lack of participation in the discovery process, failure to comply with the Court's orders, and representations to the Court that Plaintiffs no longer wish to prosecute this matter.  The undersigned finds that this case should be dismissed without prejudice since the parties' oral agreement and representations to the Court to dismiss this action on May 3, 2024 – all preserved on the record – constituted a voluntary stipulated dismissal under Rule 41(a)(1)(A)(ii).  *See Eitel v. McCool*, 782 F.2d 1470, 1473 (9th Cir. 1986) ("the parties' oral representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii). The district court did not err in ordering the dismissal.").  Accordingly, the undersigned recommends that that the district court dismiss this action as a voluntary dismissal by Plaintiffs pursuant to Rule 41(a)(2).

Alternatively, the action should be dismissed under Rule 41(b) due to Plaintiffs' repeated failures to comply with the Court's orders and to prosecute the action.  In determining whether to dismiss an action under Rule 41(b), "the Court must weigh the following factors: (1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1271, 1226 (9th Cir. 2006).

Here, the first two factors weigh in favor of dismissal since Plaintiffs lack of engagement in the discovery process and failure to prosecute this action has adversely affected the expeditious resolution of litigation and the Court's need to manage its docket. *Ferdik*, 963 F.2d at 1261.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). In this case, Defendants served Plaintiffs with written discovery on December 19, 2023, and have yet to receive Plaintiffs' responses. *See* (Docs. 54, 57). Thus, Defendants are injured by Plaintiffs ongoing delay.

The fourth factor normally weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiffs have not moved this case toward disposition on the merits. Instead, they have stopped communicating with Defendants and the Court altogether. The fourth factor weighs in favor of dismissal.

The Court has also considered the availability of less drastic measures and concludes that dismissal of this action *without prejudice*, is an appropriately lesser sanction. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (holding that Rule 41(b) allows sua sponte dismissal by the Court because "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

/ / /

/ / /

4

### III. Conclusion and Recommendation

For the reasons set forth above, it is **HEREBY ORDERED** that all case management dates (Doc. 38) are **VACATED**.

Further, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiffs' voluntary decision to terminate the action pursuant to Fed. R Civ. P 41(a)(2). Alternatively, this case should be dismissed without prejudice pursuant to Rule 41(b) due to Plaintiffs' failure to prosecute and comply with the Court's orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 12, 2024**

UNITED STATES MAGISTRATE JUDGE